GOLDMAN & BESLOW LLC
**Attorneys at Law**
7 Glenwood Avenue - Suite 311B
East Orange, New Jersey  07017
Tel. 973-677-9000

David G. Beslow, Esq. #DGB-5300
Attorneys for Debtor, Karen Webber-Gobbern

| | |
|---|---|
| In Re:<br><br>**KAREN WEBBER-GOBERN,**<br><br>Debtor. | **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY**<br><br>Case No. 14-29060/NLW<br>Chapter 13<br><br>**DEBTOR'S CERTIFICATION IN OPPOSITION TO JP MORGAN CHASE BANK, N.A.'S MOTION FOR RELIEF FROM STAY**<br><br>**Hearing Date: 8/24/17 @ 11:00 AM** |

**KAREN WEBBER-GOBERN**, hereby certifies that:

1. I am the debtor in this Chapter 13 proceeding which was filed on September 17, 2014. My case was confirmed on December 11, 2014 and an order confirming case was entered on December 15, 2014. A copy of the order is on file with the Court.

2. On July 31, 2017, JP Morgan Chase Bank, N.A. ("Creditor"), through counsel, filed a motion for relief from the automatic stay. The Creditor filed a post-petition payment history accounting for the payments received and the amount due on each date that a payment became due. A copy of the post-petition payment history filed by the Creditor has been attached as Exhibit A to this certification.

3. I do not dispute the accounting in the "amount received" column of the post-petition payment history. However, I do dispute the total amount due because of what I believe is an error in the calculation in the "amount due" and "date payment due" columns.

4. The Creditor filed a proof of claim on October 16, 2014. It can be found as claim 1 on the Claims Register. I have attached page 6 of the claim as Exhibit B to this certification. The contract shows that the loan consists of 72 payments, beginning with the July 5, 2011 payment. As such, under the terms of the contract, the last post-petition payment due should be June 5, 2017.

5. I do not dispute that I owe for the December 5, 2016 through June 5, 2017 payment. The total owed for this period is $3419.99. The Creditor is improperly asking for a July 2017 payment when no payment is actually due.

6. There were pre-petition arrears owed to the Creditor, and these are being paid inside my Chapter 13 plan. I am completely current with my payments to the Chapter 13 Trustee and I will continue to make ongoing payments in a timely manner for the duration of my case.

7. Although I did fall behind with my post-petition payments to the Creditor, I have the ability to cure these arrears within a reasonable period of time. I will make a payment in the amount of $1500.00 to the Creditor by August 31, 2017. I propose to pay off the balance of what is owed to the Creditor by making monthly payments of $480.00 starting in September and finishing in December 2017. My final payment of $480.00, along with the money being paid to the Creditor through my Chapter 13 plan, will completely pay off the loan with Creditor. I am able to afford this payment as I will no longer be making ongoing contractual car payments to the Creditor as my loan matured in June.

8. This vehicle is necessary for my successful reorganization. I not only use this car to get to work, but I also use it for to pick up my children and to help take care of my household. I have

almost paid off this entire car in full, and I respectfully request the opportunity to finish paying back the Creditor in full so I can save my car, complete my bankruptcy and ultimately receive a discharge and fresh start with my life.

9. For these reasons, and any others that the Court deems fit to adopt, I respectfully request that the Court deny the Creditor's motion for relief from the automatic stay.

**I HEREBY CERTIFY** that the foregoing statements made by me are true to the best of my knowledge, information, and belief. I am aware that if any of the foregoing is willfully false, I am subject to punishment for false swearing.

DATED: August 17, 2017          /S/ KAREN WEBBER-GOBERN
                                **Debtor**